UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VM SERVICES, INC.,

      Plaintiff,

v

TWO MEN AND A TRUCK/INTER-
NATIONAL, INC. and EAST
TENNESSEE MOVING COMPANY,
LLC,

      Defendants.
_____/

Case No. 1:08-cv-536

HON. JANET T. NEFF

**OPINION**

Pending before the Court is a Motion to Dismiss for lack of personal jurisdiction by

Defendant East Tennessee Moving Company, LLC (ETMC). For the reasons that follow, the Court

denies the motion.

**Background**

VM Services, Inc. ("VM") and ETMC are franchisees of Two Men And A

Truck/International, Inc. ("Two Men"). VM is located in Georgia, and ETMC is a resident of

Tennessee with offices located in Georgia. Two Men is a Lansing, Michigan corporation.

On June 6, 2008, Plaintiff filed this lawsuit against Defendants ETMC and Two Men

complaining of violations of the franchise agreement; trademark infringement; unfair competition;

and unfair trade practices. The Complaint alleges that the violations arise, at least in part, under the

Lanham Act. 15 U.S.C. § 1125(a). Plaintiff alleges that Defendant ETMC advertised in a telephone

book that ETMC serviced an area of Georgia that infringed upon Plaintiff's territory under its

franchise agreement with Two Men.  Plaintiff alleges that Two Men was aware of this violation because it approved Defendant ETMC's advertisement.

Defendant ETMC filed an Answer to Plaintiff's complaint asserting that this Court does not have personal jurisdiction over ETMC.  A pre-motion conference was requested by Defendant ETMC in order to file its Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(2) and 56.  The pre-motion conference was held on September 4, 2008, and resulted in the Court issuing an Order allowing Plaintiff limited discovery to be conducted within 30 days.  Discovery was limited to the issue of personal jurisdiction and was not to exceed ten interrogatories with no subparts.  The Court also issued a briefing schedule as part of its Order regarding the issue of personal jurisdiction.

Defendant ETMC served its Motion to Dismiss with accompanying Brief on September 30, 2008.  Plaintiff responded on October 28, 2008.  ETMC filed its reply on November 10, 2008.

**Motion Standard**

Defendant ETMC, brought its Motion to Dismiss under FED. R. CIV. P. 12(b)(2) and 56.  The Court must first determine under which rule to analyze this matter.  Because Defendant ETMC's motion does not require a decision on the merits, but rather on a jurisdictional issue, the Court will analyze Defendant ETMC's motion to dismiss under 12(b)(2).  FED. R. CIV. P. 12(b)(2).

A plaintiff bears the burden of establishing personal jurisdiction when a motion to dismiss is filed under Rule 12(b)(2).  *Air Prods. & Controls v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)).  When the Court "relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight.'" *Id.* at 549 (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th  Cir. 1988)).  The plaintiff must only make a prima facie showing of the

existence of personal jurisdiction, and the Court must view the pleadings and affidavits in the light

most favorable to the plaintiff. *Id*. (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458-59 (6th

Cir. 1991)). The Court "should not 'weigh the controverting assertions of the party seeking

dismissal.'" *Id*. (quoting *Theunissen*, 935 F.2d at 1459).

In contrast, at an evidentiary hearing, a plaintiff must establish personal jurisdiction by a

preponderance of the evidence. 9-36 WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE

BEFORE TRIAL (2008), Ch. 9, *Attacking the Pleadings*.

Accordingly, the case law indicates that a plaintiff's burden shifts from a "relatively slight"

burden to a more significant burden based upon the development of the factual record, i.e., the more

developed the factual record, the higher the plaintiff's burden becomes.[1]

## Discussion

As of September 30, 2008, the date of Plaintiff's Response to Defendant ETMC's Motion

to Dismiss, Defendant ETMC had not responded to Plaintiff's interrogatories. Defendant ETMC

mailed its Answers to Plaintiff's First Set of Interrogatories on November 11, 2008. Defendant

ETMC did not provide any justification for failing to answer the interrogatories in a timely fashion

either in its Answers to Interrogatories or in its Reply Brief dated November 10, 2008.

Limited discovery was ordered by the Court in order to assist in identifying the extent of

Defendant ETMC's contacts with the State of Michigan. Defendant ETMC's Answers to

Interrogatories provided little information regarding the extent of its contacts with Michigan,

---

[1]*See Air Prods*., 503 F.3d at 549; *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002); *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996); *Mkt/Media Research, Inc., v. Union Tribune Publ'g Co. et al.*, 951 F.2d 102, 104 (6th Cir. 1991); *Theunissen,* 935 F.2d at 1461; *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980).

referring instead to Two Men's records.  The Court must review the proofs that were provided, namely the Affidavit of David Vick, Two Men's Answers to Interrogatories, and Defendant ETMC's Answers to Interrogatories.  Defendant ETMC references the Affidavit of Jess Langley in its Motion to Dismiss, however; no affidavit is attached to the motion or any of its filed pleadings.

In order to establish a prima facie showing for personal jurisdiction, a plaintiff must show that "[t]he language of the Michigan long-arm statute likely is broad enough to encompass the Defendant's activity." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (citation omitted).  Plaintiff has presented a prima facie case that specific jurisdiction exists under MICH. COMP. LAWS § 600.715(1) because Defendant ETMC transacted business within the State of Michigan.  The "'transaction of any business' necessary for limited personal jurisdiction under § 600.715(1) is established by 'the slightest act of business in Michigan.'"  *Id*. at 888 (quoting *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1988)).

David Vick's affidavit states that Defendant ETMC transacts business regularly with Two Men.  Vick avers that Defendant ETMC attended two three-week training sessions in Michigan, communicated through Michigan-based servers, obtained sales leads through Two Men's website or approved advertisements, accessed company information via a Michigan-based portal, paid royalties and fees to Two Men in Michigan, and purchased goods from Two Men.  In addition, Vick avers that "Two Men ha[s] significant control over the operation of ETMC's business," including dispute resolution, the condition of facilities and equipment, the appearance of employees, the manner in which services are provided and documented, and the manner in which day-to-day operations are performed.

Two Men's Answers to Interrogatories state that ETMC representatives were in Michigan for training in March 2000, September 2000, March 2001, January 2003, January 2004, September

4

2006, and February 2007, and that Defendant ETMC purchased $85,000 worth of goods from Two

Men's Pro Shop and Sign Shop from September 2006 to October 2008.

Plaintiff has sufficiently shown that Defendant ETMC conducted "the slightest act of

business in Michigan." *Id*. In addition to establishing that Defendant ETMC transacts business in

Michigan, Plaintiff has also established that the present action arose from Defendant ETMC's

transactions within the State of Michigan. Specifically, Plaintiff asserts that this action arises from

an advertisement proposed by Defendant ETMC and approved by Two Men. Plaintiff provides

evidence, through Vick's affidavit, that Two Men approve all advertisements submitted by

Defendant ETMC.

In addition to setting forth a prima facie showing of specific jurisdiction, a plaintiff must also

make a prima facie case showing that the exercise of personal jurisdiction will not offend due

process. *Id.* at 889. "As to the due process inquiry for specific jurisdiction [], our Court has

established a three part test for determining whether such jurisdiction may be exercised: First, the

defendant must purposefully avail himself of the privilege of acting in the forum state or causing a

consequence in the forum state. Second, the cause of action must arise from the defendant's

activities there. Finally, the acts of the defendant or consequences caused by the defendant must

have a substantial enough connection with the forum state to make the exercise of jurisdiction over

the defendant reasonable." *Air Prods*., 503 F.3d at 550 (quoting *S. Mach. Co. v. Mohasco Indus.,

Inc.* 401 F.2d 374, 381 (6th Cir. 1968)).

Plaintiff has set forth evidence sufficient to show that Defendant ETMC purposefully

reached out to the forum state through the numerous business transactions it conducts with

Michigan. As previously discussed, Plaintiff has also set forth facts showing that its action arises

from Defendant ETMC's activities in Michigan. Plaintiff has presented evidence that jurisdiction

over Defendant ETMC is reasonable where Defendant ETMC purposefully directed its activities at

the forum state.  Defendant ETMC has not articulated a compelling argument that the presence of

any other considerations would render jurisdiction unreasonable.

In order for Plaintiff to establish general jurisdiction, it must show that Defendant ETMC

had continuous and systematic contacts with the forum state. *See* MICH. COMP. LAWS § 600.711(3).

Because the Court has determined that Plaintiff has  made a prima facie showing of specific personal

jurisdiction, the Court declines to consider whether general jurisdiction exists.

Plaintiff has made a prima facie showing for the Court's exercise of specific personal

jurisdiction over Defendant ETMC on the limited factual record before the Court.  The record must

be viewed in Plaintiff's favor.  Further as Plaintiff points out, and as noted above, the Court

permitted Plaintiff limited discovery on the issue of personal jurisdiction.  At the time of briefing,

Defendant ETMC had not responded to Plaintiff's jurisdictional interrogatories, which pursuant to

the Court's directives, were specifically permitted to provide a factual basis for deciding the issue

of personal jurisdiction with respect to ETMC.  Any deficiency in the factual record is thus

attributable to Defendant ETMC.[2]  Therefore, the Court denies Defendant ETMC's Motion to

Dismiss without prejudice.[3]

### Conclusion

Having closely considered the parties' arguments and the record, the Court denies

Defendant's Motion to Dismiss without prejudice.

_____

[2]Plaintiff's Motion for Sanctions, or, in the Alternative, Motion to Compel (Dkt 36) is pending before Magistrate Judge Carmody.  Nothing contained in this Opinion is intended to limit Magistrate Judge Carmody's independent consideration of the issues presented by the motion.

[3]Based on the Court's denial of Defendant ETMC's Motion to Dismiss, Defendant ETMC's motion for Rule 11 sanctions is moot.

An Order consistent with this Opinion will issue.


Date:  December 5, 2008                               /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge