UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VM SERVICES, INC.,

    Plaintiff,                                      Case No. 1:08-cv-536

v                                                  HON. JANET T. NEFF

TWO MEN AND A TRUCK
INTERNATIONAL, INC. and EAST
TENNESSEE MOVING COMPANY,

    Defendants.
_____/

## MEMORANDUM OPINION

Pending before the Court is an application for entry of default and motion for default judgment by defendant East Tennessee Moving Company (ETMC). Codefendant Two Men and A Truck International (TMTI) previously filed a Request for Pre-Motion Conference to file a default and motion for default judgment because plaintiff corporation had failed to obtain legal counsel to represent it. On September 21, 2009, the Court entered an Order (Dkt 81) denying TMTI's Pre-Motion Conference Request as unnecessary, and directing that defendants TMTI and ETMC may proceed with seeking default/default judgment as stated in TMTI's Pre-Motion Conference Request on the ground that plaintiff corporation lacks legal representation. Having reviewed the instant motions and the case circumstances, the Court has determined that this case is properly dismissed pursuant to FED. R. CIV. P. 41(b) given the withdrawal of plaintiff corporation's counsel and plaintiff's failure to secure substitute counsel as ordered by the Court.

At the outset of this case in mid-2008, plaintiff corporation was represented by both Georgia and Michigan counsel. The case proceeded in the usual course. On March 18, 2009, the Court granted the motion of Michael S. Rosenthal and S. Bradley Shipe of Wagner, Johnston & Rosenthal, P.C., (Georgia counsel) to withdraw their appearance as counsel of record for plaintiff. On July 13, 2009, the Court granted a motion to withdraw as counsel for plaintiff by Byron P. Gallagher, The Gallagher Law Firm, PLC, (Michigan counsel) and also ordered that substitute counsel file an appearance on behalf of VM Services, Inc., within 30 days. Plaintiff failed to secure substitute counsel as ordered by the Court.

In an Order entered September 21, 2009, the Court again addressed the matter of plaintiff corporation's unrepresented status. The Court noted that plaintiff had failed to comply with the Court's July 13, 2009 Order and that plaintiff corporation was unrepresented by counsel. The Court advised plaintiff that the failure to secure legal counsel in this matter may result in dismissal of the action or default judgment as requested by defendant TMTI.

As the Court noted in its September 21, 2009 Order, a corporation cannot appear in federal court except through an attorney. *Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir. 1984); *see also United States v. 9.19 Acres of Land, More or Less, in Marquette County, Mich.,* 416 F.2d 1244, 1245 (6th Cir. 1969). The courts' long-standing recognition of this rule and its effect were recently addressed in *WB Music Corp. v. Port City Cruise Line, Inc.*, No. 1:09-cv-742, 2009 WL 3066663 (W.D. Mich. September 22, 2009 (Maloney, C.J.) (citing cases from each circuit recognizing this rule). Further, in a case also involving a plaintiff corporation that was unrepresented, the court determined that the case was properly dismissed pursuant to Rule 41(b). *See Velocity Tools, Inc. v. Nemic Indus. Supply Co.,* No. 1:06-cv-152, 2007 WL 2115419 (W.D.

Mich. July 19, 2007) (Quist, J.) (where plaintiff corporation failed to obtain counsel within six months despite being warned of possible dismissal, court dismissed complaint with prejudice).

In this case, plaintiff was represented by legal counsel, who pursued this litigation for more than a year; however, plaintiff has now been unrepresented for several months, forestalling any further progress of this action. FED. R. CIV. P. 41(b) provides for dismissal of any action or claim "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." As the Court stated in *Velocity Tools*:

> A court considering dismissal pursuant to Rule 41(b) looks to four factors: "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Community Sch.,* 138 F.3d 612, 615 (6th Cir. 1998). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (citing *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980)).

In this case, plaintiff has failed to heed the Court's orders to obtain counsel. The case cannot proceed since plaintiff corporation is unrepresented. The Court's July 13, 2009 Order noted plaintiff's lack of cooperation in this litigation:

> Plaintiff's counsel reported that there have been serious communication problems with Plaintiff in that Plaintiff has failed to respond to repeated requests for guidance regarding the Honorable Janet T. Neff's order that Plaintiff file supplemental responses for the pre-motion conference. Counsel for Plaintiff also reported that Plaintiff has failed to cooperate in moving discovery forward in this matter.

Under the circumstances, this case is properly dismissed for plaintiff's failure to prosecute this action and failure to comply with the Court's orders.

3

An Order consistent with this Opinion will enter.


Date: October 27, 2009                    /s/ Janet T. Neff
                                         JANET T. NEFF
                                         United States District Judge